1  Roderick M. Thompson (State Bar No. 96192)
   rthompson@fbm.com
2  Diego Acevedo (State Bar No. 244693)
   dacevedo@fbm.com
3  Farella Braun + Martel LLP
   235 Montgomery Street
4  17th Floor
   San Francisco, CA 94104
5  Telephone: (415) 954-4400
   Facsimile:  (415) 954-4480
6
   Attorneys for Defendant and Counterclaimant:
7  MYRIAD FRANCE, S.A.S.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OPENWAVE SYSTEMS INC.,<br><br>             Plaintiff,<br><br>    vs.<br><br>MYRIAD FRANCE S.A.S.,<br><br>             Defendant. | Case No. CV-10-2805 LB<br><br>**ANSWER AND COUNTERCLAIM** |
| MYRIAD FRANCE S.A.S.,<br><br>             Counterclaimant,<br><br>    vs.<br><br>OPENWAVE SYSTEMS INC.,<br><br>             Counterdefendant. | |

Defendant, Myriad France S.A.S. ("Myriad"), for its Answer to the Complaint herein, states:

Admits the allegations contained in paragraph 1 of the Complaint.

1.  Admits that Myriad is a French corporation with its principal place of business in

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

ANSWER AND COUNTERCLAIM –
CV-10-2805

25853\2327972.1

France; admits that Myriad has succeeded to certain rights and obligations of Purple Labs, S.A. ("Purple Labs") under certain agreements between Openwave Systems Inc. ("Openwave"); consistent with the Complaint and for convenience, unless otherwise indicated, Myriad and Purple Labs shall be referred to jointly in this Answer as Myriad; denies the remaining allegations contained in paragraph 2 of the Complaint.

2. Admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332; denies the remaining allegations contained in paragraph 3 of the Complaint.

3. Admits the allegations contained in paragraph 4 of the Complaint.

4. Alleges that venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1391(a); admits that Myriad has consented that venue is proper in this forum; denies the remaining allegations contained in paragraph 5 of the Complaint.

5. Admits the allegations contained in paragraph 6 of the Complaint.

6. Admits, upon information and belief, that Openwave is a provider of software to communications service providers; admits that Openwave and Myriad entered into an Asset Purchase Agreement as of June 27, 2008 ("APA") pursuant to which Myriad agreed to purchase certain assets from Openwave; alleges that the APA speaks for itself; denies the remaining allegations contained in paragraph 7 of the Complaint.

7. Admits that, as more particularly set forth in Section 1.2(a)(iii) of the APA, that Myriad is required to deposit a portion of the purchase price into an escrow account; admits that the parties entered into an Escrow Agreement as of June 27, 2008 ("Escrow Agreement"); alleges that the Escrow Agreement speaks for itself; denies the remaining allegations contained in paragraph 8 of the Complaint.

8. Admits the allegations contained in paragraph 9 of the Complaint.

10. Admits that the APA contains terms and conditions that provide for the indemnification of Myriad by Openwave; alleges that the APA speaks for itself; denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Admits that, pursuant to the APA, Myriad delivered a Claims Notice to Openwave

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

ANSWER AND COUNTERCLAIM – CV-10-2805  - 2 -  25853\2327972.1

1  dated September 23, 2009 ("Claims Notice"), that, in general terms, identified and described separate claims for which Myriad was entitled to indemnification from Openwave; alleges that the Claims Notice speaks for itself; denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Alleges that counsel for Openwave sent a letter to Myriad dated October 2, 2009 that responded to Myriad's Claims Notice; alleges that the October 2, 2009, correspondence speaks for itself; denies the remaining allegations contained in paragraph 12 of the Complaint.

13. Alleges that, as requested by Openwave, Myriad provided Openwave with information and documentation relating to the matters described in Claims Notice; alleges that the parties have exchanged further correspondence regarding the Claims Notice; alleges that the claims for which Myriad sought indemnity continue to be active matters and, accordingly, Myriad has properly not withdrawn its claims for indemnification; alleges that Openwave and Myriad continue to have a dispute regarding Myriad's claim for indemnification; denies the remaining allegations contained in paragraph 13 of the Complaint.

14. With respect to paragraph 14 of the Complaint, Myriad realleges paragraphs 1 through 13 hereinabove.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Admits that the APA contains terms and conditions relating to the recovery of attorneys' fees, costs and disbursements; alleges that the APA speaks for itself; denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. With respect to paragraph 20 of the Complaint, Myriad realleges paragraphs 1 through 13 hereinabove.

21. Alleges that California law on the subject of an implied covenant of good faith and fair dealing speaks for itself; denies the remaining allegations contained in paragraph 21 of the Complaint.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

ANSWER AND COUNTERCLAIM –    - 3 -    25853\2327972.1
CV-10-2805

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Admits that the APA contains terms and conditions relating to the recovery of attorneys' fees, costs and disbursements; alleges that the APA speaks for itself; denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. With respect to paragraph 26 of the Complaint, Myriad realleges paragraphs 1 through 13 hereinabove.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Admits that the Escrow Agreement contains terms and conditions relating to the recovery of attorneys' fees, costs and disbursements; alleges that the Escrow Agreement speaks for itself; denies the remaining allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. With respect to paragraph 32 of the Complaint, Myriad realleges paragraphs 1 through 13 hereinabove.

33. Alleges that California law on the subject of an implied covenant of good faith and fair dealing speaks for itself; denies the remaining allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Admits that the Escrow Agreement contains terms and conditions relating to the recovery of attorneys' fees, costs and disbursements; alleges that the APA speaks for itself; denies the remaining allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. With respect to paragraph 38 of the Complaint, Myriad realleges Paragraphs 1 through 13 hereinabove.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

ANSWER AND COUNTERCLAIM – CV-10-2805     - 4 -     25853\2327972.1

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

44. With respect to paragraph 44 of the Complaint, Myriad realleges paragraphs 1 through 13 hereinabove.

45. Alleges that Myriad's Claims Notice and Openwave's October 2, 2009 response speak for themselves; admits that an actual and justiciable controversy exists between Openwave and Myriad regarding Myriad's claims for indemnification; denies the remaining allegations contained in paragraph 45 of the Complaint.

46. Admits that Openwave purports to request a declaration that it is entitled to the funds currently being held in the Escrow Account; alleges that Openwave is not entitled to its requested relief and that, instead, Myriad is entitled to declaratory relief as set forth in the Counterclaim that follows.

47. Except as expressly admitted, alleged, or otherwise qualified hereinabove, denies each and every allegation contained in the Complaint.

**AFFIRMATIVE DEFENSE**

48. Alleges, as set forth with greater particularity in the Counterclaim below: that the matters that comprise Myriad's claims for indemnification relate to claims that have been asserted against Myriad, including claims alleging patent infringement; that, although Myriad disputes liability with respect to the claims that have been asserted against it, the claims against Myriad remain unresolved; that the claims for which Myriad seeks indemnification constitute indemnifiable subject matter under the APA; that the amount of the indemnification Openwave may owe to Myriad could substantially exceed the escrowed funds; and that, therefore, the funds should remain in escrow.

/////

/////

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

ANSWER AND COUNTERCLAIM – CV-10-2805     - 5 -     25853\2327972.1

## COUNTERCLAIM

Counterclaimant Myriad France S.A.S. ("Myriad"), for its Counterclaim against Counterdefendant Openwave Systems Inc. ("Openwave"), states:

### PARTIES, JURISDICTION AND VENUE

1. Myriad is a French corporation having its principal place of business in France.

2. Upon information and belief, Openwave is a Delaware corporation with its principal place of business in Redwood City, California.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the parties are citizens of a State and a foreign state and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, the controversy involves escrowed funds in the amount of $4,200,000.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

### GENERAL ALLEGATIONS

5. Myriad has succeeded to certain rights and obligations of Purple Labs S.A. ("Purple Labs") under certain agreements between Openwave and Purple Labs, as described further below. For convenience, unless otherwise indicated, Myriad and Purple Labs shall be referred to jointly in this Counterclaim as Myriad.

6. Myriad and Openwave entered into an Asset Purchase Agreement dated as of June 27, 2008 ("APA"), the terms and conditions of which are hereby incorporated by reference.

7. In part, the APA provides for the purchase by Myriad of certain assets of Openwave necessary to continue the "Business." Exhibit A to the APA, is entitled Certain Definitions and provides, in pertinent part:

> **"Business"** shall mean the mobile client software business of [Openwave], and its direct and indirect subsidiaries, that develops, distributes, markets, sells, licenses, and supports various hand set software clients such as browsers, SMS, EMS and MMS and email messaging clients, java clients, UI, widgets, graphics engines and other software designed for mobile hand sets.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

ANSWER AND COUNTERCLAIM – CV-10-2805    - 6 -    25853\2327972.1

8. Myriad bargained for and obtained certain representations and warranties from Openwave, including representations and warranties that would protect Myriad against the risk of intellectual property claims. In that regard, Section 2.7 of the APA provides, in pertinent part:

> **2.7 Intellectual Property.**
>
> * * * *
>
> (h) The Seller's operation of the Business has not infringed (directly, contributorily, by inducement, or otherwise) or otherwise violated, misappropriated, or made unlawful use of any Intellectual Property Rights of any other Person. Without limiting the foregoing, neither the use of seller IP nor the use of Licensed IP as permitted under the License Agreement, nor the license, the use or sale of Seller Product in operation of the Business infringes, violates or makes unlawful use of any Intellectual Property Right of any other Person. None of the Seller IP, Licensed IP or the Seller Product contain any Intellectual Property misappropriated from any other Person.
>
> (i) No claim or Proceeding involving any Seller IP, Seller Products, or the business is (i) pending before any Government Body, arbitrator, or arbitration panel; or (ii) to Seller's Knowledge, was threatened against Seller.

9. To complement the protection afforded by the representations and warranties given by Openwave, Myriad also bargained for and obtained indemnification obligations from Openwave. In that regard, Section 4.2 of the APA provides:

> **4.2 Indemnification By The Seller.** The Seller shall hold harmless and indemnify each of the Purchaser Indemnitees from and against, and shall compensate and reimburse each of the Purchaser Indemnitees for, any Damages that are directly or indirectly suffered or incurred by any of the Purchaser Indemnitees or to which any of the Purchaser Indemnitees may otherwise become subject at any time (regardless of whether or not such Damages relate to any third party claim) and that arise directly or indirectly from or as a direct or indirect result of:
>
> **(a)** any Breach of any representation, or warranty made by the Seller in this Agreement;
>
> **(b)** any Breach of any covenant made by the Seller in this Agreement;
>
> **(c)** any Liability arising out of the operation of the Business or ownership of the Assets prior to the closing, which is not an Assumed Liability and which arises, out of a breach of any representation, warranty or covenant made by Seller in this Agreement;
>
> **(d)** any failure to timely fulfill or discharge any of the Excluded Liabilities; or

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

ANSWER AND COUNTERCLAIM –     - 7 -     25853\2327972.1
CV-10-2805

> **(e)** any Proceeding relating directly or indirectly to any failure or Breach of the type referred to in clauses (a), (b), (c) or (d) of this Section 4.3 (including any Proceeding commenced by the Seller Indemnitees for the purpose of enforcing rights under this Section 4.3).

10. In addition, the parties agreed to certain limitations on the indemnification obligation. In that regard, Section 4.4(a) provides:

> Notwithstanding anything to the contrary set forth in this Agreement, but subject to Section 4.4(e), the aggregate Liability of the Seller with respect to representations and warranties, other than the Specified Seller Representations (for which the aggregate Liability of the Seller shall not be limited), shall not exceed $4,200,000, and the aggregate Liability of the Purchaser with respect to representations and warranties, other than the Specific Purchaser Representations (for which the aggregate Liability of the Purchaser shall not be limited), shall not exceed $4,200,000.

11. To fund the indemnification obligation, and as set forth in Section 1.2(a)(iii) of the APA, Myriad deposited $4,200,000 of the purchase price into an escrow account. The parties also entered into an Escrow Agreement as of June 27, 2008 ("Escrow Agreement"), the terms and conditions of which are hereby incorporated by reference.

12. Under the terms of the Escrow Agreement, interest or income earned on escrowed funds inures to the benefit of Openwave. In that regard, Section 1.4 of the Escrow Agreement provides:

> Until released from the Escrow Account in accordance with the terms of this Agreement, any income or other distributions received in respect of the investment of the Escrowed Funds shall be collected, deposited into the Escrow Account and reinvested by the Escrow Agent as part of the Escrowed Funds; provided, however, that any interest accruing on or income otherwise earned on any investment of any Escrowed Funds shall inure to the benefit of the Seller. The Escrow Agent shall be responsible for reporting any income earned to the Internal Revenue Service.

13. In addition to the promises of indemnification Openwave provided to Myriad, obligations were also created with respect to the defense of third party claims. In that regard, Section 4.6 of the APA provides, in pertinent part:

> **Defense Of Third Party Claims.** In the event of the assertion or commencement by any Person other than a party hereto of any claim or Proceeding (whether against Purchaser or against any other Person) with respect to which any Indemnitee may be entitled to indemnification, compensation or reimbursement pursuant to this Section 4, the Purchaser

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

ANSWER AND COUNTERCLAIM – CV-10-2805 — - 8 - — 25853\2327972.1

> shall have the right, at its election, to have the Seller assume the defense of such claim or Proceeding (in which case the Seller must proceed with the defense of such Claim or Proceeding) or to assume the defense of such claim or Proceeding, with purchaser's legal costs and expenses of the Purchaser's defense being at the sole expense of the Purchaser (it being understood that payments made to such third party in connection with such claim or proceeding are not legal defense costs and it being further understood that if the Purchaser elects that the Seller shall assume the defense, in the event that the Seller breaches its obligation to do so, the Purchaser's legal costs and expenses of such defense would not be at Purchaser's sole expense but rather would be taken into account in calculating the Purchaser's indemnifiable Damages).

14. As set forth in Section 4.7 of the APA, the parties agreed to a methodology for processing claims of indemnification that, in general terms, provides for the delivery of a Claim Notice by Myriad, an opportunity for Openwave to make a written objection, and obligations by the parties to attempt to resolve any claim for indemnification to which an objection has been made.

15. Pursuant to Section 4.7 of the APA, Myriad provided a Claims Notice to Openwave dated September 23, 2009 ("Claims Notice"), the content of which is hereby incorporated by reference.

16. As set forth with greater particularity in the Claims Notice, Myriad advised Openwave that it had become aware of five matters that have or may give rise to indemnifiable claims under the APA. Four of the five matters involved claims of patent infringement that had been threatened against Myriad relating to the assets and Business that it had acquired from Openwave under the APA.

17. Although the information set forth in the Claims Notice was sufficient under the terms of the APA, the Claims Notice additionally stated that Myriad would be prepared to disclose further facts and analyses relating to the matters under the terms of an appropriate Confidentiality Agreement that would, among other things, protect the analyses from discovery by third parties.

18. By letter dated October 2, 2009, Openwave responded to Myriad's Claims Notice. Openwave disputed its indemnification obligation.

19. After the parties agreed to confidentiality, Myriad provided Openwave with

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

ANSWER AND COUNTERCLAIM – - 9 - 25853\2327972.1
CV-10-2805

documents and other information, including documents requested by Openwave. The information that Myriad provided included an identification of United States and foreign patents that were the subject of the matters referenced in the Claims Notice, together with certain claim charts, analyses and correspondence.

20. The various matters that comprise the Claims Notice, including those that involve allegations of patent infringement, have not been resolved. As such, and although Myriad has disputed liability with respect to these matters, Myriad's liability is not and cannot presently be known. However, defense costs alone with respect to the various matters involving claims of patent infringement could substantially exceed the amount in escrow.

21. Although Myriad has provided Openwave with all of the information that Openwave has requested, and despite the fact that the matters that comprised the Claims Notice are not resolved and that Myriad's liability with respect to these matters is not and cannot presently be known, Openwave has commenced this litigation seeking, among other relief, a release of the entire amount of the escrowed funds.

22. The matters identified in Myriad's Claims Notice constitute indemnifiable claims of the terms of the APA.

23. Under the terms of the APA and escrow agreement, the funds should remain in escrow until Myriad's liability with respect to the matters that comprise the Claims Notice are resolved. At such time, should it be determined that Myriad does have liability, escrowed funds in the appropriate amount should be released so as to provide appropriate indemnification under the APA.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment

24. Myriad realleges paragraphs 1 through 23 of the Counterclaim.

25. There is an actual case or controversy between the parties appropriate for declaratory relief under 28 U.S.C. §§ 2201 and 2202.

26. Myriad is entitled to a declaratory judgment declaring that the escrowed funds should remain in escrow until Myriad's liability with respect to the matters that comprise the

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

ANSWER AND COUNTERCLAIM – - 10 - 25853\2327972.1
CV-10-2805

Claims Notice, if any, is determined or resolved. If it is determined that Myriad does have liability, such escrowed funds as appropriate to provide indemnification under the terms and conditions of the APA should be released to Myriad.

## SECOND CLAIM FOR RELIEF

### Attorneys' Fees and Costs

27. Myriad realleges paragraphs 1 through 26 of the Counterclaim.

28. The APA provides that, in any legal action relating to the APA, the prevailing party shall be entitled to recover reasonable attorneys' fees, costs and disbursements, in addition to any other relief to which the prevailing party may be entitled.

29. Openwave has commenced this legal action and, in turn, obligated Myriad to serve and file this Counterclaim.

30. As a direct and proximate result of Openwave's commencement of this action, Myriad has been forced to retain counsel and incur attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Myriad prays that this Court enter judgment as follows:

1. Ordering that Openwave take nothing by its Complaint and that the Complaint be dismissed with prejudice and on the merits;

2. Declaring that the escrowed funds should remain in escrow until Myriad's liability with respect to the matters that comprise the Claims Notice, if any, is determined or resolved and that, if it is determined that Myriad does have liability, declaring that such escrowed funds as appropriate to provide indemnification under the terms and conditions of the APA should be released to Myriad;

3. Awarding Myriad its reasonable attorneys' fees, costs and disbursement; and

/////
/////
/////
/////

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

ANSWER AND COUNTERCLAIM – CV-10-2805     - 11 -     25853\2327972.1

1      4.    Providing for such other and further relief as the Court may deem just and proper.

DATED: July 28, 2010            FARELLA BRAUN + MARTEL LLP

By: /s/
      Roderick M. Thompson

Attorneys for Defendant and Counterclaimant
MYRIAD FRANCE, S.A.S.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

ANSWER AND COUNTERCLAIM –
CV-10-2805
- 12 -
25853\2327972.1