Roderick M. Thompson (SBN 96192)
**FARELLA BRAUN + MARTEL LLP**
Russ Building
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: rthompson@fbm.com
E-mail: dacevedo@fbm.com

Edward M. Laine, *Appearing Pro Hac Vice*
Samuel R. Hellfeld (SBN 234421)
**OPPENHEIMER WOLFF & DONNELLY LLP**
Plaza VII Building, Suite 3300
45 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100
E-mail: elaine@oppenheimer.com
E-mail: shellfeld@oppenheimer.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPENWAVE SYSTEMS, INC.,<br><br>Plaintiff<br><br>vs.<br><br>MYRIAD FRANCE S.A.S.,<br><br>Defendant | Case No. 10-CV-02805 (WHA)<br><br>**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM** |

Defendant Myriad France S.A.S. ("Myriad"), for its Answer to the Second Amended Complaint herein, states:

1. Admits the allegations contained in paragraph 1 of the Second Amended Complaint.

2. Admits that Myriad is a French corporation with its principal place of business in France; alleges that Myriad was formerly known as Purple Labs, S.A., a French corporation founded in 2001; alleges that Myriad, formerly Purple Labs, is a party to certain agreements

-1-

between Openwave Systems, Inc. ("Openwave") and thereby succeeds to the rights and obligations of Purple Labs under said agreements; alleges that, for convenience, unless otherwise indicated, Myriad and Purple Labs shall be referred to jointly in this Answer as Myriad; denies the remaining allegations contained in paragraph 2 of the Second Amended Complaint.

3. Admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332; denies the remaining allegations contained in paragraph 3 of the Second Amended Complaint.

4. Admits the allegations contained in paragraph 4 of the Second Amended Complaint.

5. Alleges that venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a); admits that Myriad has consented that venue is proper in this forum; denies the remaining allegations contained in paragraph 5 of the Second Amended Complaint.

6. Admits the allegations contained in paragraph 6 of the Second Amended Complaint.

7. Admits, upon information and belief, that Openwave is a provider of software to communications service providers; admits that Openwave and Myriad entered into an Asset Purchase Agreement dated June 27, 2008 ("APA") pursuant to which Myriad agreed to purchase certain assets from Openwave; alleges that the APA speaks for itself; admits that, among other assets, Openwave assigned to Myriad 28 United States Patents, two then-pending United States patent applications, and four Foreign Registered Patents to Myriad; alleges that the claims of the assigned patents speak for themselves; deny the remaining allegations contained in paragraph 7 of the Second Amended Complaint.

8. Admits that Openwave and Myriad entered into an Intellectual Property License Agreement dated June 27, 2008 ("IPLA") as part of the acquisition of assets from Openwave; alleges that the IPLA speaks for itself including with respect to terms pertaining to the license of Openwave patents to Myriad; denies the remaining allegations contained in paragraph 8 of the Second Amended Complaint.

9. Admits that the IPLA contains a provision entitled "Missing Assigned Patents;" alleges that the "Missing Assigned Patents" provision speaks for itself; alleges that the IPLA defines the term "Missing Assigned Patents;" alleges that the definition of the term "Missing

-2-

Assigned Patents" contained in the IPLA speaks for itself; admits that the APA defines the term "Business;" alleges that the definition of "Business" contained in the APA speaks for itself; denies the remaining allegations contained in paragraph 9 of the Second Amended Complaint.

10. Admits that Purple Labs acquired the 3G portion of the mobile platform business of Sagem Wireless; alleges that Myriad Group AG acquired Purple Labs on or about April 2009; alleges that Esmertec AG changed its name to Myriad Group AG on or about March 2009; alleges that on or about July 2009, the shareholders of Purple Labs merged Esmertec France S.A., Certoise 2G S.A.S. and Certoise 3G S.A.S. into Purple Labs S.A.; alleges that on or about July 2009 the shareholders of Purple Labs changed Purple Labs' company form into a Société par Actions Simplifiée ("S.A.S."); alleges that on or about July 2009 the shareholders of Purple Labs changed Purple Labs' company name into Myriad France S.A.S.; alleges, consistent with the foregoing admissions and allegations, that Myriad France S.A.S. was formerly known as Purple Labs S.A.; denies the remaining allegations contained in paragraph 10 of the Second Amended Complaint.

11. Admits the allegations contained in paragraph 11 of the Second Amended Complaint.

12. Admits that, on July 27, 2010, Myriad sent Openwave a letter, Exhibit 1 to the Second Amended Complaint, relating to the Missing Assigned Patent provision of the IPLA; alleges that the July 27, 2010 letter speaks for itself; alleges that the content of the July 27, 2010 letter is consistent with the Missing Assigned Patents provision that contemplates requests for assignment of Missing Assigned Patents "[f]rom time to time;" denies the remaining allegations contained in paragraph 12 of the Second Amended Complaint.

13. Admits the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Admits the allegations contained in paragraph 14 of the Second Amended Complaint.

15. With respect to paragraph 15 of the Second Amended Complaint, Myriad realleges paragraphs 1 through 14 hereinabove.

16. Admits that paragraph 16 of the Second Amended Complaint contains a partial but

not complete description of the dispute between Myriad and Openwave with respect to Missing Assigned Patents; admits that an actual and justiciable controversy exists between Openwave and Myriad relating to the parties' respective contentions regarding patents that Myriad believes should be assigned to it under the terms of the IPLA; denies the remaining allegations contained in paragraph 16 of the Second Amended Complaint.

17. With respect to paragraph 17 of the Second Amended Complaint, admits that Openwave requests a declaration that Myriad is not entitled to an assignment of the patents identified in Myriad's July 27, 2010 letter; alleges that Openwave is not entitled to the requested declaration.

18. With respect to paragraph 18 of the Second Amended Complaint, Myriad realleges paragraphs 1 through 14 hereinabove.

19. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Second Amended Complaint.

20. Denies the allegations contained in paragraph 20 of the Second Amended Complaint.

21. Alleges that Myriad, as part of its business, explores the licensing and/or sale of its patents; alleges that the patents that Myriad acquired from Openwave protect the products or services in the "Business" as that term is defined in the APA; alleges that any patents properly retained by Openwave should not contain claims that cover products or services in the "Business" as of the time of the acquisition but instead should cover products or services in the "Openwave Field Use" as that term is defined in the IPLA; denies the remaining allegations contained in paragraph 21 of the Second Amended Complaint.

22. Denies the allegations contained in paragraph 22 of the Second Amended Complaint.

23. Denies the allegations contained in paragraph 23 of the Second Amended Complaint.

24. Denies the allegations contained in paragraph 24 of the Second Amended Complaint.

25. With respect to paragraph 25 of the Second Amended Complaint, Myriad realleges paragraphs 1 through 14 and 19 through 24 hereinabove.

26. Denies the allegations contained in paragraph 26 of the Second Amended Complaint.

27. Denies the allegations contained in paragraph 27 of the Second Amended Complaint.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM

28. Denies the allegations contained in paragraph 28 of the Second Amended Complaint.

29. Denies the allegations contained in paragraph 29 of the Second Amended Complaint.

30. Except as expressly admitted, alleged or otherwise qualified hereinabove, denies each and every allegation contained in the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

31. Alleges, as set forth with greater particularity in the First Amended Counterclaim below, that the patents identified in Myriad's July 27, 2010 letter to Openwave are "Missing Assigned Patents" within the meaning of the IPLA, and that the patents identified in Myriad's July 27, 2010 letter should be assigned to Myriad.

32. The Second Claim for Relief fails to state a claim upon which relief can be granted under applicable law by failing to set forth facts sufficient to suggest that Myriad, by requesting that patents be assigned to it under the terms of the IPLA, has committed business acts and practices that are unfair in violation of the California Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200 *et seq*.

33. The Third Claim for Relief fails to state a claim upon which relief can be granted under applicable law by failing to set forth facts sufficient to suggest that Myriad, by requesting that patents be assigned to it under the terms of IPLA, has committed acts that gives rise to liability for the tort of intentional interference with prospective economic advantage.

34. Openwave lacks standing with respect to its Second Claim for Relief.

35. The claims for damages alleged and requested in the Second Claim For Relief and the Third Claim For Relief are precluded by Section 6 of the IPLA.

36. Alleges, upon information and belief, that Openwave did not, in good faith, analyze Myriad's request for an assignment of Missing Assigned Patents before asserting its declaratory and other claims against Myriad.

## FIRST AMENDED COUNTERCLAIM

Counterclaimant Myriad France S.A.S. ("Myriad"), for its First Amended Counterclaim against Counterdefendant Openwave Systems Inc. ("Openwave"), states:

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM

## PARTIES, JURISDICTION AND VENUE

1. Myriad is a French corporation having its principal place of business in France.

2. Upon information and belief, Openwave is a Delaware corporation with its principal place of business in Redwood City, California.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the parties are citizens of a State and a foreign state and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, the controversy involves the ownership of patents that have a value substantially in excess of $75,000.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## GENERAL ALLEGATIONS

5. Myriad, formerly known as Purple Labs, S.A. ("Purple Labs"), is a party to and has thereby succeeded to the rights and obligations of Purple Labs under certain agreements between Openwave and Purple Labs, as described further below. For convenience, unless otherwise indicated, Myriad and Purple Labs shall be referred to jointly in this First Amended Counterclaim as Myriad.

6. Myriad and Openwave entered into an Asset Purchase Agreement dated June 27, 2008 ("APA"), the terms and conditions of which are hereby incorporated by reference. Contemporaneously, Myriad and Openwave also entered into an Intellectual Property License Agreement dated June 27, 2008 ("IPLA"), the terms and conditions of which are also hereby incorporated by reference.

7. The entry by Myriad and Openwave into the APA and IPLA was preceded by negotiations by which Openwave sought to sell to Myriad the assets of what Openwave referred to as its Client Business. In general terms, the Client Business was Openwave's mobile client software business, including the business that developed, distributed, marketed, sold and licensed various handset software clients such as browsers, SMS, EMS, and MMS and email messaging clients, together with other software design for mobile handsets. Also in general terms, Openwave wished to retain the portion of its business related to server software.

**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM**

8. The negotiations for the sale by Openwave of its Client Business contemplated the sale of all assets of that business, including patents that would cover and protect that business.

9. In order to describe Openwave's Client Business and induce Myriad to purchase the Client Business, Openwave provided to Myriad a document entitled "Overview of Client Business" dated April 4, 2008, a true and correct copy of which is attached hereto as Exhibit 1.

10. In the Overview of Client Business Openwave represented: **"Client Business is protected by several key patent families"** [embolden and underscore in original]. In connection with that representation, Openwave described three separate patent families that provided protection. Under each of the three patent families, Openwave further described that which each patent family "protects."

11. On the same page of the Overview of Client Business on which Openwave made representations concerning the protection of the business by several key patent families, Openwave additionally represented to Myriad that there were *"42 issued, allowed, and pending patents covering client products"* [italics in original]. In so doing, Openwave represented that there were 42 issued, allowed, and pending patents that protected the Client Business. Further, Openwave represented to Myriad in the Overview of Client Business that the breakdown of the 42 issued, allowed, and pending patents covering client products was as follows: 31 issued U.S. Patents; one allowed application; and 10 pending applications.

12. As the negotiations progressed, and despite its earlier representation that there were 42 issued, allowed and pending patents, Openwave provided Myriad with a listing consisting of substantially fewer patents and applications that would be assigned to Myriad. The shortage on the number of patents became an impediment to finalizing the transaction.

13. Openwave indicated that it wished to finalize and close the sale of its Client Business to Myriad during the fiscal year that ended on June 30, 2008. Myriad was agreeable to accomplishing that objective, but an impediment to closing at the price agreed upon was the deficiency in the number of patents being made available for assignment. It became impractical, however, to more completely identify patents that should properly be assigned as part of the Client Business prior to the desired closing date.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM

14. Openwave and Myriad arrived at a compromise that allowed the parties to close within the timeframe desired and also provide for a mechanism for Myriad to later obtain patents that should be assigned to it as part of the sale of the assets of the Client Business of Openwave. In that regard, the parties inserted provisions pertaining to "Missing Assigned Patents" in the IPLA.

15. One of the provisions agreed to with respect to Missing Assigned Patents contemplated Myriad, from time to time, becoming aware of such patents and identifying them to Openwave. Specifically, Section 2.4 of the IPLA provides:

> From time to time, [Myriad] may become aware of the existence of a Missing Assigned Patent. For those Missing Assigned Patents that [Myriad] identifies to Openwave and are confirmed by Openwave to comply fully with the definition of a Missing Assigned Patent, Openwave shall assign all of its right, title and interest in such Missing Assigned Patents to [Myriad] and shall execute a patent assignment substantially in the form of Exhibit B for such Missing Assigned Patents.

16. Section 1.3 of the IPLA defines "Missing Assigned Patents" as follows:

> **"Missing Assigned Patents"** means patents owned by Openwave immediately prior to the execution of the APA (or patents issuing on patent applications owned by Openwave immediately prior to the execution of the APA) that (a) contain claims that, immediately prior to the execution of the APA, cover products or services in the "Business" (as defined in the APA) but do not cover products or services in the Openwave Field of Use; and (b) were not assigned to [Myriad] as "Seller IP" pursuant to the APA.

17. The APA defines "Business" to mean "the mobile client software business of the Seller, and its direct and indirect subsidiaries, that develops, distributes, markets, sells, licenses, and supports various handset software clients such as browsers, SMS, EMS, and MNS and email messaging clients, java clients, UI, widgets, graphics engines and other software design for mobile handsets."

18. Section 1.9 of the IPLA defines "Openwave Field of Use" to mean "the development, distribution, marketing, sale, licensing, and supportive server software sold to mobile operators and broadband operators for the purpose of (a) messaging (MMSC) and emails; (b) content delivery; (c) advertising distribution; (d) coupling of wired to wireless networks and the transfer of messages and data between those types of networks; or (e) location related data services, including location determination and location based unfiltering of data services."

19. As contemplated by Section 2.4 of the IPLA, Myriad determined that ten United States Patents qualified as "Missing Assigned Patents" within the meaning of Section 1.3 of the IPLA. Thereafter, and consistent with Section 2.4 of the IPLA, Myriad sent a letter to Openwave dated July 27, 2010 (Second Amended Complaint Exhibit 1) that identified said ten United States Patents to Openwave as Missing Assigned Patents. The ten United States Patents that Myriad identified to Openwave as Missing Assigned Patents are: U.S. Patent Nos.: 6,509,913; 6,292,833; 6,289,212; 6,684,087; 7,143,043; 6,744,422; 6,968,396; 7,130,477; 6,721,288; and 6,698,216 (hereinafter "Identified Missing Assigned Patents").

20. Although Myriad, at Openwave's request, provided additional information to Openwave with respect to the Identified Missing Assigned Patents, Openwave refused to confirm or acknowledge that the Identified Missing Assigned Patents are Missing Assigned Patents within the meaning of the IPLA and refused to assign the Identified Missing Assigned Patents to Myriad. Thereafter, Openwave amended its pleadings in this litigation alleging that the Identified Missing Assigned Patents are not Missing Assigned Patents within the meaning of the IPLA, and Openwave further sought declaratory and other relief.

21. The Identified Missing Assigned Patents comply fully with the definition "Missing Assigned Patents" set forth in Section 1.3 of the APA. In that regard, each of the Identified Missing Assigned Patents: (a) was owned by Openwave immediately prior to the execution of the APA; (b) contains claims that, immediately prior to the execution of the APA, cover products or services in the "Business" (as defined in the APA), but do not cover products or services in the Openwave Field of Use; and (c) was not assigned to [Myriad] as "Seller IP" pursuant to the APA. The relevant products in the case of each patent are one or more of the products identified in Section 2.15 of the Disclosure Schedule to the APA.

22. Under the terms of Section 2.4 of the IPLA, Openwave is required to assign all of its right, title and interest in each of the Identified Missing Assigned Patents to Myriad and, in connection therewith, is obligated to execute a patent assignment substantially in the form of Exhibit B to the IPLA.

-9-
**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM**

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment

23. Myriad realleges paragraphs 1 through 22 of the First Amended Counterclaim.

24. There is an actual case or controversy between the parties appropriate for declaratory relief under 28 U.S.C. §§ 2201 and 2202.

25. Myriad is entitled to a declaratory judgment declaring that: (i) each of the Identified Missing Assigned Patents is a Missing Assigned Patents within the meaning of the IPLA; and (ii) that, under the terms of the IPLA, Openwave is obligated to assign all of its right, title and interest in each Identified Missing Assigned Patent to Myriad, and execute patent assignments substantially in the form of Exhibit B to the IPLA.

## SECOND CLAIM FOR RELIEF

### Specific Performance

26. Myriad realleges paragraphs 1 through 25 of the First Amended Counterclaim.

27. Each of the Identified Missing Assigned Patents constitutes unique property.

28. Openwave's refusal to assign the Identified Missing Assigned Patents to Myriad constitutes substantial and irreparable harm for which Myriad has no adequate remedy at law.

29. With respect to each of the Identified Missing Assigned Patents, Myriad is entitled to specific performance of the IPLA including Section 2.4 thereof.

## THIRD CLAIM FOR RELIEF

### Attorneys' Fees and Costs

30. Myriad realleges paragraphs 1 through 29 of the First Amended Counterclaim.

31. The APA provides that, in any legal action relating to the "Transaction Documents," a term defined in the APA to include the IPLA, the prevailing party shall be entitled to recover reasonable attorneys' fees, costs and disbursements, in addition to any other relief to which the prevailing party may be entitled.

32. Openwave has refused to assign the Identified Missing Assigned Patents to Myriad, commenced this legal action and, in turn, Myriad was obligated to serve and file this Answer to Second Amended Complaint and First Amended Counterclaim.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM

33. As a direct and proximate result of Openwave's actions, Myriad has been forced to retain counsel and incur attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Myriad prays that this Court enter judgment as follows:

1. Ordering that Openwave take nothing on its Second Amended Complaint and that the Second Amended Complaint be dismissed with prejudice and on the merits;

2. Declaring that, under the terms of the IPLA, the Identified Missing Assigned Patents are Missing Assigned Patents and that Openwave is obligated to assign the Missing Assigned Patents to Myriad;

3. Ordering Openwave to specifically perform its obligations under the IPLA, including Section 2.4 thereof, and assign all of its right, title and interest in each Identified Missing Assigned Patent to Myriad and execute, with respect to each such patent, a patent assignment substantially in the form of Exhibit B to the IPLA;

4. Awarding Myriad damages in an amount to be proven at trial if any of the Identified Missing Assigned Patents are not available for assignment or otherwise encumbered;

5. Awarding Myriad its reasonable attorneys' fees, costs and disbursements; and

6. Providing for such other and further relief as the Court may deem just and proper.

Dated: December 1, 2010         OPPENHEIMER WOLFF & DONNELLY LLP


By:   s/ Edward M. Laine
      Edward M. Laine
      Samuel R. Hellfeld (SBN 234421)
      Plaza VII, Suite 3300
      45 South Seventh Street
      Minneapolis, Minnesota 55402-1609
      Telephone: (612) 607-7000
      Telefax: (612) 607-7100
      E-mail: elaine@oppenheimer.com
      E-mail: shellfeld@oppenheimer.com

**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM**

Roderick M. Thompson (SBN 96192)
**FARELLA BRAUN + MARTEL LLP**
Russ Building
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
E-mail: rthompson@fbm.com
E-mail: dacevedo@fbm.com

Attorneys for Defendant,
MYRIAD FRANCE S.A.S.

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND FIRST AMENDED COUNTERCLAIM

OPPENHEIMER: 2844766 v01 12/01/2010