1   BRETT M. SCHUMAN (State Bar No. 189247)
    DION M. BREGMAN (State Bar No. 208393)
2   AHREN C. HSU-HOFFMAN (State Bar No. 250469)
    RYAN L. SCHER (State Bar No. 244706)
3   MORGAN, LEWIS & BOCKIUS LLP
    One Market, Spear Street Tower
4   San Francisco, CA  94105-1126
    Tel:  415.442.1000
5   Fax:  415.442.1001
    E-mail:  bschuman@morganlewis.com
6   E-mail:  dbregman@morganlewis.com
    E-mail:  ahoffman@morganlewis.com
7   E-mail:  rscher@morganlewis.com

8   Attorneys for Plaintiff and Counterclaim-Defendant
    OPENWAVE SYSTEMS INC.

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14   OPENWAVE SYSTEMS INC.,                Case No. 10-CV-02805 (WHA)

15                   Plaintiff,            **PLAINTIFF'S ANSWER TO
                                           DEFENDANT'S FIRST AMENDED**
16          v.                             **COUNTERCLAIM**

17   MYRIAD FRANCE S.A.S.,

18                   Defendants.

19   MYRIAD FRANCE S.A.S.,

20                   Counterclaimant,

21          v.

22   OPENWAVE SYSTEMS INC.,
                     Counterclaim-
23                   Defendant

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

DB2/22113106.2

1    Plaintiff and Counter-Defendant OPENWAVE SYSTEMS INC. ("OPENWAVE") hereby

2  responds to and answers the first amended counterclaim of Defendant and Counterclaimant

3  MYRIAD FRANCE S.A.S. ("MYRIAD"), which appears beginning at page 5 of MYRIAD's

4  Answer to Second Amended Complaint and First Amended Counterclaim (Dkt. No. 31), as

5  follows:

6                    **PARTIES, JURISDICTION, AND VENUE**

7    1.      Upon information and belief, OPENWAVE admits that MYRIAD FRANCE

8  S.A.S. is a French corporation having its principal place of business in France.

9    2.      OPENWAVE admits that OPENWAVE is a Delaware corporation with its

10  principal place of business in Redwood City, California.

11    3.      OPENWAVE admits that this Court has jurisdiction over the subject matter of this

12  action and over the parties to this action.  OPENWAVE denies each and every other allegation in

13  paragraph 3.

14    4.       OPENWAVE admits that venue is proper in this judicial district.

15                          **GENERAL ALLEGATIONS**

16    5.      OPENWAVE lacks knowledge or information sufficient to form a belief about the

17  allegations in paragraph 5 and, for that reason, denies the allegations.

18    6.      OPENWAVE admits that OPENWAVE and Purple Labs, S.A. ("PURPLE

19  LABS") entered into an Asset Purchase Agreement dated as of June 27, 2008 (the "APA").

20  OPENWAVE admits that OPENWAVE and PURPLE LABS entered into an Intellectual Property

21  License Agreement dated June 27, 2008 (the "IPLA").  OPENWAVE denies each and every other

22  allegation in paragraph 6.

23    7.      OPENWAVE admits that OPENWAVE and PURPLE LABS participated in

24  negotiations prior to executing APA and IPLA.  OPENWAVE admits that the IPLA recites that

25  "[OPENWAVE] wishes to sell to [PURPLE LABS], and [PURPLE LABS] desires to purchase

26  from [OPENWAVE], certain assets owned by [OPENWAVE] necessary to continue the Business

27  on the terms set forth" in the IPLA.  IPLA at B.  OPENWAVE admits that Exhibit A to the APA

28  is entitled Certain Definitions and provides, in part:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22113106.2                      2                PLAINTIFF'S ANSWER TO FIRST AMENDED COUNTERCLAIM
                                                    CASE NO. 10-CV-02805 (WHA)

1
2
3
4

> "**Business**" shall mean the mobile client software business of [OPENWAVE], and its direct and indirect subsidiaries, that develops, distributes, markets, sells, licenses, and supports various handset software clients such as browsers, SMS, EMS and MMS and email messaging clients, java clients, UI, widgets, graphics engines and other software designed for mobile handsets.

5   OPENWAVE admits that it retained what the IPLA defines as "Seller's Remaining Business."

6   OPENWAVE admits that Exhibit A to the APA is entitled Certain Definitions and provides, in

7   part:

8
9
10
11

> "**Seller's Remaining Business**" shall mean (a) all of [OPENWAVE's] business activities prior to the Closing except for the Business; and (b) all of [OPENWAVE's] future business activities other than the development, distribution, marketing, sale, license, and support of handset software clients such as browsers, messaging clients, java clients, UI, widgets, graphics engines and other software designed for mobile handsets.

12   OPENWAVE denies each and every other allegation in paragraph 7.

13      8.      OPENWAVE admits that OPENWAVE and PURPLE LABS participated in

14   negotiations prior to executing APA and IPLA.  OPENWAVE admits that Section 1.1 of the APA

15   provides, in part:

16
17
18
19
20
21

> **Purchase and Sale of Assets**.  [OPENWAVE] shall sell, assign, transfer, convey and deliver to [PURPLE LABS] or its designee, and [PURPLE LABS] shall purchase, acquire and accept from [OPENWAVE], at the Closing, all of [OPENWAVE'S] and [OPENWAVE'S] Subsidiaries' right, title and interest in, to and under the Assets on the terms and subject to the conditions set forth in this Agreement . . . .  For purposes of this Agreement, "*Assets*" shall mean all of the equipment, Assigned Contracts, Seller IP and other tangible and intangible assets of [OPENWAVE] set forth on Schedule 1.1(a) attached hereto and any Contract assumed by [PURPLE LABS] pursuant to Section 6.1(b).

22   OPENWAVE admits that Exhibit A to the APA is entitled Certain Definitions and provides, in

23   part:

24
25

> "**Seller IP**" shall mean the Intellectual Property listed on Schedule 1.1 and all Intellectual Property Rights therein.

26   OPENWAVE denies each and every other allegation in paragraph 8.

27      9.      OPENWAVE admits that OPENWAVE provided PURPLE LABS with the

28   presentation entitled "Overview of Client Business" attached as Exhibit 1 to MYRIAD'S Answer

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22113106.2

3

PLAINTIFF'S ANSWER TO FIRST AMENDED COUNTERCLAIM
CASE NO. 10-CV-02805 (WHA)

1   to Second Amended complaint and First Amended Counterclaim.  OPENWAVE denies each and

2   every other allegation in paragraph 9.

3          10.     OPENWAVE admits that OPENWAVE provided PURPLE LABS with the

4   presentation entitled "Overview of Client Business" attached as Exhibit 1 to MYRIAD'S Answer

5   to Second Amended complaint and First Amended Counterclaim.  Openwave admits that the

6   presentation includes the quoted language.  Openwave denies that the presentation represents the

7   patents that the parties to the APA and IPLA intended to be assigned to PURPLE LABS.

8   OPENWAVE denies each and every other allegation in paragraph 10.

9          11.     OPENWAVE admits that OPENWAVE provided PURPLE LABS with the

10  presentation entitled "Overview of Client Business" attached as Exhibit 1 to MYRIAD'S Answer

11  to Second Amended complaint and First Amended Counterclaim.  Openwave admits that the

12  presentation includes the quoted language.  Openwave denies that the presentation represents the

13  patents that the parties to the APA and IPLA intended to be assigned to PURPLE LABS.

14  OPENWAVE denies each and every other allegation in paragraph 11.

15         12.     OPENWAVE admits that OPENWAVE and PURPLE LABS participated in

16  negotiations prior to executing APA and IPLA.  OPENWAVE denies each and every other

17  allegation in paragraph 12.

18         13.     OPENWAVE admits that both PURPLE LABS and OPENWAVE wanted to

19  execute the APA and IPLA on or before June 30, 2008.  OPENWAVE denies each and every

20  other allegation in paragraph 13.

21         14.     OPENWAVE admits that sections 1.3 and 2.4 of the IPLA are both entitled

22  "Missing Assigned Patents."  OPENWAVE denies each and every other allegation in paragraph

23  14.

24         15.     OPENWAVE admits that Section 2.4 of the IPLA provides:

25         **Missing Assigned Patents**.  From time to time, Purple Labs may
           become aware of the existence of a Missing Assigned Patent.  For
26         those Missing Assigned Patents that Purple Labs identifies to
           Openwave and are confirmed by Openwave to comply fully with
27         the definition of an Missing Assigned Patent, Openwave shall
           assign all of its right, title and interest in such Missing Assigned
28         Patents to Purple Labs and shall execute a patent assignment

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22113106.2

4

PLAINTIFF'S ANSWER TO FIRST AMENDED COUNTERCLAIM
CASE NO. 10-CV-02805 (WHA)

substantially in the form of Exhibit B for such Missing Assigned Patents.

OPENWAVE denies each and every other allegation in paragraph 15.

16.     OPENWAVE admits that Section 1.3 of the IPLA provides:

> **"Missing Assigned Patents"** means patents owned by Openwave immediately prior to the execution of the APA (or patents issuing on patent applications owned by Openwave immediately prior to the execution of the APA) that (a) contain claims that, immediately prior to the execution of the APA, cover products or services in the "Business" (as defined in the APA) but do not cover products or services in the Openwave Field of Use; and (b) were not assigned to Purple Labs as "Seller IP" pursuant to the APA.

OPENWAVE denies each and every other allegation in paragraph 16.

17.     OPENWAVE admits that Exhibit A to the APA is entitled Certain Definitions and provides, in part:

> "**Business**" shall mean the mobile client software business of [OPENWAVE], and its direct and indirect subsidiaries, that develops, distributes, markets, sells, licenses, and supports various handset software clients such as browsers, SMS, EMS and MMS and email messaging clients, java clients, UI, widgets, graphics engines and other software designed for mobile handsets.

OPENWAVE denies each and every other allegation in paragraph 17.

18.     OPENWAVE admits that Section 1.9 of the IPLA provides:

> **"Openwave Field of Use"** means the development, distribution, marketing, sale, licensing, and support of server software sold to mobile operators and broadband operators for the purpose of (a) messaging (MMSC) and email; (b) content delivery; (c) advertising distribution; (d) coupling of wired to wireless networks and the transfer of messages and data between those types of networks; or (e) location related data services, including location determination and location filtering of data services.

OPENWAVE denies each and every other allegation in paragraph 18.

19.     OPENWAVE admits that MYRIAD's counsel sent OPENWAVE a letter dated July 27, 2010, attached as Exhibit 1 to OPENWAVE's Second Amended Complaint. OPENWAVE admits that the letter purports to identify ten OPENWAVE patents as alleged missing assigned patents.  OPENWAVE denies each and every other allegation in paragraph 19.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22113106.2                    5        PLAINTIFF'S ANSWER TO FIRST AMENDED COUNTERCLAIM
                                            CASE NO. 10-CV-02805 (WHA)

1    20.    OPENWAVE alleges that in good faith it considered MYRIAD's request for

2    assignment of the patents listed in MYRID'S July 27, 2010's letter.  OPENWAVE admits that it

3    filed its Second Amended Complaint on November 10, 2010.  OPENWAVE admits that the First

4    Claim for Relief in its Second Amended Complaint is entitled "Declaratory Judgment Re:

5    Purported Missing Assigned Patent" which states, in relevant part:

6    MYRIAD contends that OPENWAVE is required by certain
     provisions by the IPLA and APA to assign ten patents to MYRIAD.
7    OPENWAVE rejects MYRIAD's claim to these patents . . . .
     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et*
8    *seq.*, OPENWAVE requests a declaration that MYRIAD is not
     entitled to an assignment of the patents identified in MYRIAD's
9    July 27, 2010 letter.

10   Second Amended Complaint ¶¶ 16-17.  OPENWAVE denies each and every other allegation in

11   paragraph 20.

12    21.    OPENWAVE denies each and every other allegation in paragraph 21.

13    22.    OPENWAVE denies each and every other allegation in paragraph 22.

14                          **FIRST CLAIM FOR RELIEF**

15                          **Declaratory Judgment**

16    23.    OPENWAVE admits that MYRIAD purports to reallege paragraphs 1 through 22

17   of its First Amended Counterclaim in paragraph 23.

18    24.    OPENWAVE admits the allegations in paragraph 24.

19    25.    OPENWAVE denies the allegations in paragraph 25.

20                          **SECOND CLAIM FOR RELIEF**

21                          **Specific Performance**

22    26.    OPENWAVE admits that MYRIAD purports to reallege paragraphs 1 through 25

23   of its First Amended Counterclaim in paragraph 26.

24    27.    OPENWAVE cannot admit or deny the allegations in paragraph 27.

25    28.    OPENWAVE denies the allegations in paragraph 28.

26    29.    OPENWAVE denies the allegations in paragraph 29.

27                          **THIRD CLAIM FOR RELIEF**

28                          **Attorneys' Fees and Costs**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22113106.2                    6          PLAINTIFF'S ANSWER TO FIRST AMENDED COUNTERCLAIM
                                             CASE NO. 10-CV-02805 (WHA)

30.     OPENWAVE admits that MYRIAD purports to reallege paragraphs 1 through 29 of its First Amended Counterclaim in paragraph 30.

31.     OPENWAVE admits that Section 6.5 of the IPLA provides:

> **Attorneys' Fees**.  If any legal action or other legal proceeding relating to any of the Transaction Documents or the enforcement of any provision of the Transaction Documents is brought against any party to this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees, costs and disbursements (in addition to any other relief to which the prevailing party may be entitled).

32.     OPENWAVE admits that it is not required to assign the "Identified Missing Assigned Patents" to MYRIAD.  OPENWAVE admits that it filed the present lawsuit. OPENWAVE denies each and every other allegation in paragraph 32.

33.     OPENWAVE denies the allegations in paragraph 33.

## PRAYER FOR RELIEF

34.     OPENWAVE denies that MYRIAD is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Further answering MYRIAD's Counterclaims, OPENWAVE asserts the following defenses.  OPENWAVE reserves the right to amend this Answer to MYRIAD's First Amended Counterclaims with additional defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

35.     MYRIAD's Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Unenforceability)

36.     MYRIAD's Counterclaims fail because the Missing Assigned Patents Clause is unenforceable.

## THIRD AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

37.     MYRIAD's Counterclaims for specific performance are barred in light of the fact that MYRIAD has an adequate remedy at law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22113106.2

7

PLAINTIFF'S ANSWER TO FIRST AMENDED COUNTERCLAIM
CASE NO. 10-CV-02805 (WHA)

## FOURTH AFFIRMATIVE DEFENSE
(Laches/Estoppel)

38.     MYRIAD's Counterclaims are barred or limited by the doctrine of laches and/or equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE
(Failure to Timely Exercise Purported Rights)

39.     MYRIAD's Counterclaims are barred or limited because MYRIAD failed to exercise the Missing Assigned Patents Clause in a timely fashion.

## SIXTH AFFIRMATIVE DEFENSE
(Lack of Standing)

40.     MYRIAD's Counterclaims are barred or limited because MYRIAD lacks standing to bring the Counterclaims against OPENWAVE.

## SEVENTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

41.     MYRIAD's Counterclaims are barred or limited because MYRIAD would be unjustly enriched if allowed to recover the relief sought.

## EIGHTH AFFIRMATIVE DEFENSE
(Waiver)

42.     MYRIAD's Counterclaims are barred or limited because MYRIAD knowingly and voluntarily waived any purported causes of action that it may have had against OPENWAVE.

## NINTH AFFIRMATIVE DEFENSE
(Unclean Hands)

43.     MYRIAD's Counterclaims are barred or limited by the unclean hands of MYRIAD with respect to the matters alleged in the Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, OPENWAVE prays that this Court enter a judgment on MYRIAD's Counterclaims:

    A.     that MYRIAD take nothing for relief;

    B.     that MYRIAD's claims be dismissed with prejudice;

    C.     that OPENWAVE be awarded its attorneys' fees and costs in this action; and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22113106.2

8

PLAINTIFF'S ANSWER TO FIRST AMENDED COUNTERCLAIM
CASE NO. 10-CV-02805 (WHA)

1         D.     for such other and further relief as the Court deems just and equitable.

2    Dated: December 27, 2010           MORGAN, LEWIS & BOCKIUS LLP

3

4                       /s/ Brett M. Schuman

5                   Brett M. Schuman
                Attorneys for Plaintiff

6                   OPENWAVE SYSTEMS INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22113106.2         9        PLAINTIFF'S ANSWER TO FIRST AMENDED COUNTERCLAIM
CASE NO. 10-CV-02805 (WHA)