IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPENWAVE SYSTEMS INC., | No. C 10-02805 WHA |
| Plaintiff, | |
| v. | **ORDER EXCLUDING EXPERT TESTIMONY** |
| MYRIAD FRANCE S.A.S., | |
| Defendant. / | |
| AND RELATED COUNTERCLAIMS / | |

Openwave desires to introduce expert testimony concerning the market value of the disputed patent assets. Myriad moves to exclude Openwave's proffered expert testimony for two reasons. *First*, Myriad asserts that Openwave's April 15 disclosure of its intent to offer the expert testimony was untimely. Myriad cites the case management scheduling order, which set an April 1 deadline for each party to serve a list of issues on which it intended to offer expert testimony in its case-in-chief. *Second*, Myriad argues that the proffered valuation testimony is "irrelevant to any matter before this Court, given that patent valuation has no bearing upon either party's claims, much less the threshold issues under consideration in the first phase of this case" (Dkt. No. 253). This order finds that Openwave's valuation expert testimony is untimely and of minimal relevance to this phase of the action.

In November 2010, this action was divided into phases, and the following threshold issues were to be resolved first: (1) the standing of Myriad France SAS to assert rights under the June 2008 agreement; (2) the validity and meaning of the contract clause providing for assignment of "Missing Assigned Patents"; and (3) the meaning of the word "cover" in the definition of Missing Assigned Patents (Dkt. No. 26 at 1). Valuation of the disputed patent assets was not one of the issues to be resolved in this first phase of the action. Openwave explains that its expert's valuation of the disputed patents would be offered to show "that Openwave's Board of Directors would not have approved the 2008 transaction between Openwave and Purple Labs if it believed it also was transferring" the disputed patents, which Openwave's expert values at a sum many times larger than the amount Purple Labs paid in the entire 2008 deal (Dkt. No. 227 at 3–4).

If Openwave intends to offer such valuation evidence as part of its case-in-chief on the contract issues during this phase, then Openwave is the proponent of the valuation evidence/issues because it would be injecting it as an issue otherwise not in play. It bears the burden of proof on any such issues. The case management order required each party to serve a list of issues on which it intended to offer expert testimony in its case-in-chief by April 1, 2011. Openwave did not disclose its intent to offer valuation expert testimony until April 15 — two weeks after the deadline. Because Openwave did not timely disclose its intent to offer valuation expert testimony in this phase of the action, it will not be allowed to do so.

Openwave argues that its April 15 disclosure was timely because "Openwave believes that Myriad bears the burden of proof on its claim seeking assignment of the purported Missing Assigned Patents" (Dkt. No. 227 at 4). For issues on which a party does not bear the burden of proof, the case management order set a later deadline for disclosure of expert testimony. As explained, however, Openwave bears the burden of proof regarding the valuation and intent issues it has raised and which would otherwise not be in play in this phase. The April 1 deadline controls.

Openwave also argues that its expert's testimony should not be precluded even if its April 15 disclosure was untimely. In Openwave's estimation, Myriad was not prejudiced by the

timing of the disclosure, and multiple other factors "cut strongly against preclusion" (Dkt. No. 227).  Openwave's arguments are not persuasive.  The disclosure was untimely, and Myriad was prejudiced by the failure to alert it timely so that Myriad could line up an opposition expert.

Moreover, the proffered expert testimony is only minimally relevant to the first phase of the action, if at all.  Pursuant to FRE 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  The proposed valuation testimony is only tenuously related to the intent of Openwave's Board of Directors in approving the June 2008 deal, and, by extension, the mutual intent of the parties as to the meaning of the word "cover."  The proposed detour into a patent-valuation analysis during this first phase of the action would not provide enough probative value to the issues at hand to justify the time and effort it would require.  Accordingly, Openwave's expert's valuation testimony is also inadmissible pursuant to FRE 403, at least during this first phase of the action.

Openwave "does not believe now is the time or this is the proper procedure to address the admissibility of Openwave's expert testimony on relevance or any other substantive grounds" (Dkt. No. 227 at 4 n.1).  As Openwave acknowledges, however, Myriad has explicitly raised the relevance issue.  Openwave does not cite any authority that would support delaying the inevitable.

For all of the foregoing reasons, Myriad's motion to exclude Openwave's expert's valuation testimony is **GRANTED**.  Openwave will not be permitted to introduce expert valuation testimony during this phase of the action, but this is without prejudice to the possibility of using the valuation evidence in a later phase.

**IT IS SO ORDERED.**

Dated: May 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3