

**WSGR** Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

1700 K Street, NW, Fifth Floor
Washington, D.C. 20006-3817

PHONE 202.973.8800
FAX 202.973.8899

www.wsgr.com

July 27, 2011

The Honorable Joseph C. Spero
United States District Court, Northern District of California
450 Golden Gate Ave., Courtroom G – 15th Floor
San Francisco, California  94102

**Re:  *Openwave Systems, Inc. v. Myriad France S.A.S.*, Case No. 3:10-CV-02805-WHA (JCS)**

Dear Judge Spero:

      I write in response to Openwave Systems, Inc.'s ("Openwave") letter of July 26 in the above-captioned matter.  I am lead counsel for Google Inc. ("Google") in connection with the third party subpoena served upon it in this matter.  As I have informed counsel for Openwave, I am currently in a trial in Washington, D.C. (ITC Inv. No. 337-TA-739) set to conclude August 3.

      Openwave's letter brief violates this Court's Standing Order ¶ 8 requiring lead trial counsel to meet and confer and requiring the parties to submit a joint letter brief.  Despite Google's diligent efforts to resolve Openwave's concerns, lead trial counsel for the parties have never met and conferred.  On multiple occasions, I have tried to arrange a meeting with Mike Kenny at Alston & Bird who represented to me that he is lead trial counsel for Openwave, but neither he nor any other counsel actually on the pleadings in the underlying action for Openwave has ever responded to my requests.  It is important that lead trial counsel meet and confer, as Openwave's positions in discussions with Google are inconsistent with those in the underlying litigation.  I am optimistic that such a meeting would resolve the concerns raised by Openwave.  Indeed, I thought they were resolved.  The last correspondence between the parties consisted of a letter sent by my office on July 18, 2011.  That letter addressed concerns raised regarding Google's document production, was accompanied by additional documents located after resolving a technical glitch in the electronic tool used to pull emails (most, if not all, of which were already produced by Myriad), expressed our belief that the production should resolve Openwave's concerns, and invited Openwave to contact us if they had any additional concerns.

      There are a number of issues raised in Openwave's letter to this Court to which Google requests time to fully respond.  Google is able to fully respond by August 4.  I am the only person who has been involved throughout and who is, therefore, fully aware of these issues, making an earlier response impossible due to my trial.  I note that the 6½ hour deposition of Google occurred 6 weeks ago, so any urgency is of Openwave's own creation.  Alternatively, Google's preference has always been and remains to meet and confer with lead trial counsel to resolve these issues and submit a joint letter brief that follows the Court's procedure only if the issues cannot be resolved.  I have concurrently again provided my availability to Mr. Kenny.

      Sincerely,
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*Stefani E. Shanberg*

Stefani E. Shanberg

AUSTIN   HONG KONG   NEW YORK   PALO ALTO   SAN DIEGO   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.