IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OPENWAVE SYSTEMS INC.,

    Plaintiff,

  v.

MYRIAD FRANCE S.A.S.,

    Defendant.

                                      /

AND RELATED COUNTERCLAIMS
                                      /

No. C 10-02805 WHA

**ORDER GRANTING MYRIAD'S MOTION IN LIMINE NO. 1 AND PARTIAL SUMMARY JUDGMENT**

### INTRODUCTION

In this dispute regarding ownership of 36 patents and one patent application, defendant moves *in limine* to exclude evidence that the parties did not intend a contract clause limiting assignment of contract rights to apply to a particular corporate transaction. For the following reasons, the motion is **GRANTED**. This order also grants partial summary judgment on one of the threshold issues identified for trial in the first phase of this action.

### STATEMENT

The facts of the case were set forth in the May 2011 order denying summary judgment (Dkt. No. 256). One of the threshold issues designated for the first phase was whether Myriad France S.A.S. has standing to assert rights under the June 2008 agreement between Openwave Systems Inc. and Purple Labs S.A., Myriad's claimed predecessor. Specifically, the issue was

framed as whether the 2009 transaction between Purple Labs and Esmertec AG constituted an attempted transfer of Purple Labs' rights under the 2008 Intellectual Property License Agreement pursuant to California law, and, if so, whether the transfer fell under any of the IPLA's four enumerated exceptions that Myriad contends do not require Openwave's prior written consent (Dkt. No. 303 at 9). Myriad now moves *in limine* to exclude evidence that the parties did not intend the exceptions to apply to the 2009 transaction between Purple Labs and Esmertec; Openwave opposes (Dkt. No. 336).

**ANALYSIS**

The IPLA is a fully-integrated contract (June 29 Order, Dkt. No. 303 at 5–6). As such, parol evidence may be admitted only if it is relevant to prove a meaning to which the language of the IPLA is reasonably susceptible. *United States Cellular Inv. Co. of Los Angeles v. GTE Mobilnet, Inc.*, 281 F.3d 929, 938 (9th Cir. 2002).

The plain language of the IPLA provides that a party may assign its rights under the agreement "to a successor of any portion of the business of such Party resulting from a reorganization, spin-off, sale, or divestiture of such business" without the other party's consent (Dkt. No. 142-1 at § 7.3). Myriad has presented credible evidence that Purple Labs' 2009 transaction with Esmertec constituted a "reorganization" under California law. Specifically, Myriad explains that Purple Labs became a wholly owned subsidiary of Esmertec through a process defined as "reorganization" under Section 181(b) of the California Corporations Code (Br. 1–4; Dkt. No. 164 at § 2.1).

Openwave argues that the 2009 transaction did not constitute a reorganization under Section 181(b) because it did not satisfy the condition that "immediately after the acquisition, the acquiring entity has control of the other entity" CAL. CORP. CODE § 181(b). Openwave does not contest that Purple Labs became a wholly owned subsidiary of Esmertec. Instead, Openwave emphasizes that Purple Labs also acquired a majority of the shares in Esmertec (Opp. 3–5). This observation is irrelevant to the control inquiry. For purposes of Section 181, control "means the ownership directly or indirectly of shares or equity securities possessing more than 50 percent of the voting power of a domestic corporation, a foreign corporation, or an other business entity."

CAL. CORP. CODE § 160(b). Since Purple Labs became a wholly owned subsidiary of Esmertec, Esmertec owned *all* of the shares in Purple Labs, and therefore Esmertec had control of Purple Labs as defined by the statute. That Purple Labs chose to invest heavily in Esmertec does not change this analysis.

This order finds that the 2009 corporate transaction between Purple Labs and Esmertec was a reorganization under California law. Accordingly, the exception set forth in Section 7.3(c) of the IPLA applies, and the fact that Openwave did not provide prior written permission for the 2009 transaction does not impair Myriad's standing to assert rights under the IPLA. This order does not reach the parties' arguments concerning the following: (1) whether any other exceptions in Section 7.3 of the IPLA apply to the 2009 transaction; (2) whether the 2009 transaction involved an attempted transfer of rights; (3) whether Openwave timely disclosed its intent to rely on extrinsic evidence regarding the standing issue; and (4) whether Openwave witnesses are knowledgeable regarding Section 7.3. At trial, Openwave will not be allowed to introduce evidence to show that the exceptions in Section 7.3 of the IPLA were not intended to cover the 2009 transaction between Purple Labs and Esmertec. Indeed, the threshold question of Myriad's standing to assert rights under the IPLA no longer will be part of the trial.

## CONCLUSION

For the foregoing reasons, Myriad's first motion in limine is **GRANTED**. Additionally, partial summary judgment on the threshold issue of Myriad's standing to assert rights under the June 2008 agreement between Openwave and Purple Labs is **GRANTED** in favor of Myriad and against Openwave. This order finds that the 2009 transaction between Purple Labs and Esmertec does not impair Myriad's standing to assert rights under the IPLA.

**IT IS SO ORDERED.**

Dated: August 19, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3