1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OPENWAVE SYSTEMS INC.,

      Plaintiff,

  v.

MYRIAD FRANCE S.A.S.,

      Defendant.

——————————————————————/

AND RELATED COUNTERCLAIMS

——————————————————————/

No. C 10-02805 WHA

**ORDER GRANTING
MYRIAD'S MOTION
IN LIMINE NO. 1 AND
PARTIAL SUMMARY
JUDGMENT**

## INTRODUCTION

In this dispute regarding ownership of 36 patents and one patent application, defendant moves *in limine* to exclude evidence that the parties did not intend a contract clause limiting assignment of contract rights to apply to a particular corporate transaction. For the following reasons, the motion is **GRANTED**. This order also grants partial summary judgment on one of the threshold issues identified for trial in the first phase of this action.

## STATEMENT

The facts of the case were set forth in the May 2011 order denying summary judgment (Dkt. No. 256). One of the threshold issues designated for the first phase was whether Myriad France S.A.S. has standing to assert rights under the June 2008 agreement between Openwave Systems Inc. and Purple Labs S.A., Myriad's claimed predecessor. Specifically, the issue was

United States District Court

For the Northern District of California

1  framed as whether the 2009 transaction between Purple Labs and Esmertec AG constituted an

2  attempted transfer of Purple Labs' rights under the 2008 Intellectual Property License Agreement

3  pursuant to California law, and, if so, whether the transfer fell under any of the IPLA's four

4  enumerated exceptions that Myriad contends do not require Openwave's prior written consent

5  (Dkt. No. 303 at 9).  Myriad now moves *in limine* to exclude evidence that the parties did not

6  intend the exceptions to apply to the 2009 transaction between Purple Labs and Esmertec;

7  Openwave opposes (Dkt. No. 336).

**ANALYSIS**

9       The IPLA is a fully-integrated contract (June 29 Order, Dkt. No. 303 at 5–6).  As such,

10  parol evidence may be admitted only if it is relevant to prove a meaning to which the language of

11  the IPLA is reasonably susceptible.  *United States Cellular Inv. Co. of Los Angeles v. GTE*

12  *Mobilnet, Inc.*, 281 F.3d 929, 938 (9th Cir. 2002).

13       The plain language of the IPLA provides that a party may assign its rights under the

14  agreement "to a successor of any portion of the business of such Party resulting from a

15  reorganization, spin-off, sale, or divestiture of such business" without the other party's consent

16  (Dkt. No. 142-1 at § 7.3).  Myriad has presented credible evidence that Purple Labs' 2009

17  transaction with Esmertec constituted a "reorganization" under California law.  Specifically,

18  Myriad explains that Purple Labs became a wholly owned subsidiary of Esmertec through a

19  process defined as "reorganization" under Section 181(b) of the California Corporations Code

20  (Br. 1–4; Dkt. No. 164 at § 2.1).

21       Openwave argues that the 2009 transaction did not constitute a reorganization under

22  Section 181(b) because it did not satisfy the condition that "immediately after the acquisition, the

23  acquiring entity has control of the other entity" CAL. CORP. CODE § 181(b).  Openwave does not

24  contest that Purple Labs became a wholly owned subsidiary of Esmertec.  Instead, Openwave

25  emphasizes that Purple Labs also acquired a majority of the shares in Esmertec (Opp. 3–5).  This

26  observation is irrelevant to the control inquiry.  For purposes of Section 181, control "means the

27  ownership directly or indirectly of shares or equity securities possessing more than 50 percent of

28  the voting power of a domestic corporation, a foreign corporation, or an other business entity."

**United States District Court**
For the Northern District of California

1   CAL. CORP. CODE § 160(b).  Since Purple Labs became a wholly owned subsidiary of Esmertec,

2   Esmertec owned *all* of the shares in Purple Labs, and therefore Esmertec had control of Purple

3   Labs as defined by the statute.  That Purple Labs chose to invest heavily in Esmertec does not

4   change this analysis.

5          This order finds that the 2009 corporate transaction between Purple Labs and Esmertec

6   was a reorganization under California law.  Accordingly, the exception set forth in Section 7.3(c)

7   of the IPLA applies, and the fact that Openwave did not provide prior written permission for

8   the 2009 transaction does not impair Myriad's standing to assert rights under the IPLA.  This

9   order does not reach the parties' arguments concerning the following:  (1) whether any other

10  exceptions in Section 7.3 of the IPLA apply to the 2009 transaction; (2) whether the 2009

11  transaction involved an attempted transfer of rights; (3) whether Openwave timely disclosed its

12  intent to rely on extrinsic evidence regarding the standing issue; and (4) whether Openwave

13  witnesses are knowledgeable regarding Section 7.3.  At trial, Openwave will not be allowed to

14  introduce evidence to show that the exceptions in Section 7.3 of the IPLA were not intended to

15  cover the 2009 transaction between Purple Labs and Esmertec.  Indeed, the threshold question of

16  Myriad's standing to assert rights under the IPLA no longer will be part of the trial.

17                                   **CONCLUSION**

18         For the foregoing reasons, Myriad's first motion in limine is **GRANTED**.  Additionally,

19  partial summary judgment on the threshold issue of Myriad's standing to assert rights under the

20  June 2008 agreement between Openwave and Purple Labs is **GRANTED** in favor of Myriad and

21  against Openwave.  This order finds that the 2009 transaction between Purple Labs and Esmertec

22  does not impair Myriad's standing to assert rights under the IPLA.

23

24         **IT IS SO ORDERED.**

25

26  Dated:  August 19, 2011.

27                                   WILLIAM ALSUP
                                     UNITED STATES DISTRICT JUDGE

28